UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
―――――――――――――――――――――――x
  UNITED STATES OF AMERICA,         :
                                     :
         *Plaintiff,*                :   Case No. 24-cv-2496
                                     :
     v.                              :
                                     :
  DAVID RISK, individually and in his capacity :
  as Trustee of The David Risk 2023 Revocable :
  Trust;                             :
  RON HOLLAND ADVERTISING, INC.;     :
  HSBC BANK USA as successor by merger of :
  The Manhattan Savings Bank;        :
  SUSTAINABLE NEIGHBORHOODS LLC;    :
  CLERK OF THE SUFFOLK COUNTY       :
  TRAFFIC AND PARKING VIOLATIONS    :
  AGENCY, NEW YORK;                  :
  SUFFOLK COUNTY WATER AUTHORITY,   :
  NEW YORK;                          :
  SUFFOLK COUNTY, NEW YORK; and     :
  TOWN OF BROOKHAVEN, NEW YORK,     :
                                     :
         *Defendants.*               :
―――――――――――――――――――――――x

**COMPLAINT**

The United States of America, pursuant to 26 U.S.C. §§ 7401 and 7403, and N.Y. Debt. and Cred. Law §§ 273, 275, and 276, with the authorization of the Secretary of the Treasury and at the direction of the Attorney General of the United States, brings this civil action to set aside fraudulent transfers of certain parcels of real property, identified below. In support of this action, the United States alleges, as follows:

**Jurisdiction, Parties, and Property**

1. Jurisdiction over this action is conferred upon this Court under 28 U.S.C. §§ 1331, 1340, and 1345 and 26 U.S.C. §§ 7402 and 7403.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1396.

1

3. The real property of which the United States seeks to set aside the fraudulent transfers is located in Suffolk County, New York, within the jurisdiction of this Court.

4. Defendant David Risk is named as a defendant in this case, both individually and in his capacity as Trustee of The David Risk 2023 Revocable Trust, because he has, or may claim, an interest in the real property of which the United States seeks to set aside fraudulent conveyances.

5. Defendant Ron Holland Advertising, Inc., is named as a defendant in this case because it has, or may claim, an interest in the real property of which the United States seeks to set aside fraudulent conveyances.

6. Defendant HSBC Bank USA, as successor by merger to The Manhattan Savings Bank, is named as a defendant in this case because it has, or may claim, an interest in the real property of which the United States seeks to set aside fraudulent conveyances.

7. Defendant Sustainable Neighborhoods LLC is named as a defendant in this case because it has, or may claim, an interest in the real property of which the United States seeks to set aside fraudulent conveyances.

8. Defendant Clerk of the Suffolk County Traffic and Parking Agency, New York, is named as a defendant in this case because it has, or may claim, an interest in the real property of which the United States seeks to set aside fraudulent conveyances.

9. Defendant Suffolk County Water Authority, New York, is named as a defendant in this case because it has, or may claim, an interest in the real property of which the United States seeks to set aside fraudulent conveyances.

10. Defendant Suffolk County, New York, is named as a defendant in this case because it has, or may claim, an interest in the real property of which the United States seeks to set aside fraudulent conveyances.

11. Defendant Town of Brookhaven, New York, is named as a defendant in this case because, as a local taxing authority, it may have a lien or claim an interest in the property described below and to place it on notice of this Court's jurisdiction over the property such that any local tax liens that have priority over federal tax liens under 26 U.S.C. § 6323(b)(6) will be satisfied in a judicial sale under this Court's authority but that the property may not be sold under other procedures during the pendency of this action.

### The Property

12. The real property upon which the United States seeks to enforce its tax liens consists of the land, along with all improvements, buildings, and appurtenances, commonly known as 47 Old Neck Road South, Center Moriches, New York 11934 (the "Property"). The legal description of the Property is as follows:

> All that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Center Moriches, Town of Brookhaven, County of Suffolk and State of New York, known and designated as and by Plot D and Lots 49 and 50 on a certain map entitled, "Map of Holiday Beach, Section Two, situate in Center Moriches, Suffolk County, N.Y., surveyed by Havens and Pelletreau, by survey dated February 15, 1954", and filed in the Suffolk County Clerk's Office on April 15, 1954 under Map No. 2189.
>
> Prior Deed References:  Meaning to describe the property conveyed to The David Risk 2023 Revocable Trust by Quitclaim Deed of David Risk, dated May 8, 2023, and recorded with the Suffolk County Clerk's Office at Liber D00013203, Page 143, on May 25, 2023; the property conveyed to David Risk by Warranty Deed of J. Ronald Holland and David Risk, dated September 3, 2014, and recorded with the Suffolk County Clerk's Office at Liber D00012788, Page 756, on September 16, 2014; the property conveyed to J. Ronald Holland and David Risk by Warranty Deed of J. Ronald Holland, dated March 1, 1990, and recorded with the Suffolk County Clerk's Office at Liber D00012516, Page 857, on August 7, 2007; and the property conveyed to J. Ronald Holland by Bargain and Sale Deed of

John James O'Malley and Virginia Rose O'Malley, dated August 14, 1980, and recorded with the Suffolk County Clerk's Office at Liber 8880, Page 577, on September 11, 1980.

**Conveyances of the Property**

13. By Bargain and Sale Deed, dated August 14, 1980, John James O'Malley and Virginia Rose O'Malley conveyed the Lot 50 portion of the Property to J. Ronald Holland, also known as James R. Holland. The deed was recorded on September 11, 1980 with the Suffolk County Clerk's Office in Liber 8880, Page 577.

14. By Bargain and Sale Deed, dated July 14, 1986, Robert Henzler conveyed the Plot D and Lot 49 portion of the Property to J. Ronald Holland. The deed was recorded on October 7, 1986, with the Suffolk County Clerk's Office in Liber D00010115, Page 501.

15. By Warranty Deed signed on June 7, 2007, J. Ronald Holland purported to convey title to the entire Property to J. Ronald Holland and David Risk, as joint tenants with right of survivorship. The deed purports to convey the Property "as of the First day of March, 1990," but the document was not signed before a notary until June 7, 2007. The deed was recorded on August 7, 2007, with the Suffolk County Clerk's Office in Liber D00012516, Page 857.

16. By Warranty Deed dated September 3, 2014, J. Ronald Holland and David Risk purported to convey title to the entire Property to David Risk, with a life estate reserved for J. Ronald Holland. The deed was recorded on September 16, 2014, with the Suffolk County Clerk's Office in Liber Book D00012788, Pages 756-58.

17. J. Ronald Holland died on May 27, 2022, which terminated any life estate and would vest the Property entirely in David Risk.

18. By Deed recorded with the Suffolk County Clerk's Office on May 25, 2023. in Liber Book D00013203, Page 143, David Risk purported to convey title to the Property to David

Risk, in his capacity of Trustee of the David Risk 2023 Revocable Trust.

### Count To Set Aside James R. Holland's Conveyances of His Interest in the Property as Fraudulent Conveyances

19. A delegate of the Secretary of the Treasury made assessments against J. Ronald Holland for federal income taxes and accuracy penalties for the periods, on the dates, and in the amounts described below. Those liabilities have balances due as of September 15, 2021, including assessed and accrued late-payment penalties under 26 U.S.C. § 6651, costs, and statutory interest, and after applying any abatements, payments, and credits, as follows:

| Tax Period | Assessment Date | Assessment Type | Assessed Amount | Balance as of 9/15/2021 |
|---|---|---|---|---|
| 1983 | 04/07/2008 | Additional Tax Assessed | $57,247.00 | $1,153,758.59 |
| 1984 | 04/07/2008 | Additional Tax Assessed | $60,947.00 | $1,142,376.59 |

20. Notice of the liabilities described in paragraph 19 was given to, and payment was demanded from, J. Ronald Holland.

21. Despite such notice and demand, J. Ronald Holland failed, neglected, or refused to fully pay the liabilities described in paragraph 19, above.

22. Because J. Ronald Holland neglected, refused, or failed to pay the liabilities described in paragraph 19 after notice and demand, federal tax liens arose pursuant to 26 U.S.C. §§ 6321 and 6322 on the dates of the assessments and attached to his interest in the Property.

23. On the following dates and for the following tax periods, Notices of Federal Tax Lien ("NFTL") were filed with the Suffolk County Clerk's Office, in accordance with 26 U.S.C. § 6323(f) in the name of J. Ronald Holland.

| Type of Tax | Tax Period Ending | Date NFTL Filed |
|---|---|---|
| Income | 12/31/1983 | 09/22/2008<br>10/24/2017 (refile) |
| | 12/31/1984 | 10/07/2008<br>10/24/2017 (refile) |

24. On May 3, 2018, a NFTL was filed with the Suffolk County Clerk's Office, in accordance with 26 U.S.C. § 6323(f), in the name of "David Risk as Transferee of James R. Holland."

25. On July 16, 2018, erroneously believing that the NFTL described in paragraph 24 had self-released, the IRS filed a Revocation of Certificate of Release of Federal Tax Lien with the Suffolk County Clerk's Office with regard to that NFTL.  The IRS then filed a notice of Erroneous Revocation of Certificate of Release of Federal Tax Lien with the Suffolk County Clerk's Office on December 4, 2018.

26. At the time of the purported transfers of record title described in paragraphs 15 and 16, above, J. Ronald Holland had accrued substantial income tax liabilities to the Internal Revenue Service for the income tax years 1983 and 1984, though such liabilities had not been assessed.

27. After the time of the purported transfers of record title described in paragraphs 15 and 16, above, J. Ronald Holland accrued further liabilities to the Internal Revenue Service for income taxes for tax years 1983 and 1984, including additional penalties and interest that accrued and continue to accrue on those liabilities.

28. The purported transfers of record title described in paragraphs 15 and 16, above, were conveyances made without fair consideration while J. Ronald Holland was insolvent and were therefore fraudulent under N.Y. Debt. & Cred. § 273.

29. The purported transfers of record title described in paragraphs 15 and 16, above, were conveyances made without fair consideration and rendered J. Ronald Holland insolvent and were therefore fraudulent under N.Y. Debt. & Cred. § 273.

30. The purported transfers of record title described in paragraphs 15 and 16, above,

were made without fair consideration at a time when J. Ronald Holland intended to, or believed that he would, incur debts beyond his ability to pay, and were therefore fraudulent under N.Y. Debt. & Cred. § 275.

31. The purported transfers of record title described in paragraphs 15 and 16, above, were made by J. Ronald Holland with actual intent to hinder, delay, or defraud his creditors, as set forth below:

    a. The purported transfers were made to David Risk for insufficient consideration.

    b. The purported transfers were made to David Risk, with whom J. Ronald Holland has a close relationship.

    c. J. Ronald Holland continued until his death to possess, use, and enjoy the Property, including by living there, after the transfers as he did prior to the purported transfers.

    d. The two purported transfers to David Risk constitute a pattern of transactions intended to transfer the Property out of J. Ronald Holland's name not in the usual course of business. Notably, J. Ronald Holland attempted to backdate the 2007 purported transfer to David Risk to be effective as of May 1990.

    e. At the time of the transfers, J. Ronald Holland was aware of his tax liabilities to the IRS, and was unable to pay such liabilities (or was rendered unable to pay the liabilities by the transfers).

32. As J. Ronald Holland made the purported transfers set forth in paragraph 15 and 16 with actual intent to hinder, delay, or defraud his creditors, the transfers were fraudulent under N.Y. Debt. & Cred. § 273.

33. Pursuant to N.Y. Debt. & Cred. § 276, the United States seeks to have the

purported transfers of record title described in paragraphs 15 and 16, above, set aside, and to have the Court order the transfers of the Property set aside for the benefit of the United States so that the United States can enforce its federal tax liens against the Property.

34. Although a proceeding in court must generally be commenced within ten years after the assessment of a tax, this action has been timely commended under 26 U.S.C. § 6502 because the statute of limitations for both tax years 1983 and 1984 were tolled: (1) during collection due process proceedings pursuant to 26 U.S.C. § 6330(e)(1); (2) while any installment agreement request was pending and for 30 days after a rejection or after termination following acceptance pursuant to 26 U.S.C. § 6331(k)(2) and (3) (but not while an installment agreement is active and in effect); and (3) during the pendency of a proceeding in court to collect the tax pursuant to 26 U.S.C. § 6502(a).

35. J. Ronald Holland submitted a Collection Due Process hearing request on October 30, 2008, which was resolved on June 3, 2009. As a result, the statutory period of limitations for both tax years were extended for at least 216 days.

36. J. Ronald Holland entered into an installment agreement with the IRS on August 12, 2011, which was terminated on February 11, 2013. As a result, the statutory period of limitations for both tax years were extended for 30 days.

37. J. Ronald Holland proposed an installment agreement to the IRS on August 14, 2014, which was accepted on December 5, 2014, and terminated on March 4, 2017. As a result, the statutory period of limitations for both tax years were extended for 113 days, plus an additional 30 days, pursuant to 26 U.S.C. § 6331(k)(2)(A) and (D).

38. The United States commenced a proceeding to collect J. Ronald Holland's tax liabilities for both tax years on April 26, 2019, by filing a complaint in *United States v. Holland*,

Case No. 2:19-cv-2456-DJ-JMW (E.D.N.Y.); that proceeding is still ongoing.

WHEREFORE, the plaintiff United States of America prays for a judgment:

A. Determining that the purported transfers of record title to the Property described in paragraphs 15 and 16, above, were fraudulent conveyances, that such transfers shall be set aside, and that the Property shall be sold and the proceeds applied to J. Ronald Holland's tax liabilities; and,

B. That the United States of America shall recover its costs, and be awarded such other and further relief as the Court determines is just and proper.

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

*/s/ Bradley A. Sarnell*
BRADLEY A. SARNELL
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
202-307-1038 (v)
202-514-5238 (f)
Bradley.A.Sarnell@usdoj.gov