UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

UNITED STATES OF AMERICA,

                Plaintiff,                       **MEMORANDUM ORDER**

                                                                           24-cv-2496 (DG) (JMW)

       -against-

DAVID RISK *et al*,

                Defendants.
----------------------------------------------------------------X

**WICKS,** Magistrate Judge:

       Plaintiff, United States of America, commenced this action pursuant to 26 U.S.C. §§ 7401 and 7403 and N.Y. Debt. and Cred. Law §§ 273, 275, and 276 against David Risk (individually and in his capacity as Trustee of The David Risk 2023 Revocable Trust), Ron Holland Advertising, Inc., HSBC Bank USA (as successor by merger of The Manhattan Savings Bank), Sustainable Neighborhoods LLC, Clerk of the New York Suffolk County Traffic and Parking Violations Agency, the Suffolk County Water Authority, Suffolk County, and the Town of Brookhaven (collectively "Defendants") in order to enforce a lien to subject a property to tax payments.

       Currently before the Court is Plaintiff's letter motion to serve Defendant Risk with the Summons and Complaint using alternative means, specifically, to serve Risk by email and by first-class mail to the address of the property at issue in this case. (ECF No. 8). For the reasons set forth herein, the motion is **granted**.

## BACKGROUND

In this action, Plaintiff ultimately seeks to "set aside fraudulent transfers of certain parcels of real property".[1] (ECF No. 1 at 1.) Of relevance here, David Risk is a Trustee of the David Risk 2023 Revocable Trust and has or may claim an interest in the real property of which the United States seeks to aside fraudulent conveyances. (*Id.* at 2.) In 2007, Ronald Holland purported to convey title of the Property to both Holland and Risk as joint tenants with right of survivorship. (*Id.* ¶ 15.) Seven years later, both Holland and Risk appeared to convey the Property to Risk with a life estate reserved for Holland. (*Id.* ¶ 16.) However, once Holland died, the life estate also ceased and all property was to go to Risk. (*Id.* ¶ 17.)

At the time of the purported transfer of record title, Holland accrued late payment penalties on the Property as well as federal income tax and accuracy liabilities to the Internal Revenue Service for years 1983 to 1984. (*Id.* ¶¶ 19, 27.) His failure to pay the liabilities resulted in federal tax liens which are attached to the Property. (*Id.* ¶ 22.)

Plaintiff maintains that the transfers are fraudulent because Risk provided Holland with insufficient consideration for the transfers; Holland had a close relationship with Risk; Holland continued to use the property until his passing; and Holland attempted to backdate the initial transfer to Risk to be effective in 1990. (*Id.* ¶ 31.)

Plaintiff filed a motion for service by alternative service of the Summons and Complaint upon Defendant Risk (ECF No. 8). Specifically, Plaintiff seeks to serve Risk via his email (davidleerisk@gmail.com) and first-class mail at the Property's address. (*Id.*) Plaintiff states that personal service, substitute service at Risk's place of business, and affixing the summons to his place of business, dwelling or usual abode and mailing it have proved to be "impracticable."

---

[1] The United States seeks to enforce tax liens on 47 Old Neck Road South, Center Moriches, New York 11934 (hereinafter the "Property"). (ECF No. 1 ¶ 12.)

(ECF No. 8 at 1.) It states that a process server sought to serve Risk at an address in Michigan which appeared on public records, but the resident stated Risk did not reside there. (*Id.*) Further, as indicated in the recent filings in the related case, *United States v. Holland,* No. 19-cv-2456 (DG) (JMW) (E.D.N.Y. 2019), Risk allegedly no longer resides at the Property and refuses to disclose his address, only stating that he lives in the "Caribbean Region." (ECF No. 8 at 2; *see also* ECF Nos. 136, 138.) Plaintiff contends that these alternative methods should be allowed here since Risk has used this very email account in the *Holland* case. (*Id.*) Moreover, although he no longer lives at the Property, Risk has stated in the past that "a neighbor collect[s] his mail and forward[s] it to him." (*Id.*)

The motion itself was served upon Risk. (ECF No. 8 at 3.) In addition, the Court directed any opposition to be filed by June 7, 2024. (Electronic Order dated May 31, 2024.) The order providing an opportunity for an opposition was served upon Risk but to date no opposition has been filed. The motion is now considered ripe for decision.

## **DISCUSSION**

Service of process of an individual within a judicial district of the Unites States is made pursuant to Fed. R. Civ. P. 4(e), which provides:

> (e) Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
>> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>>
>> (2) doing any of the following:
>>
>>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>>
>>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

In New York, the CPLR authorizes personal service in any one of the following ways: (1) "delivering the summons within the state to the person to be served;" (2) delivering the summons to a person of suitable age and discretion at the individual's place of business, dwelling, or usual place of abode; (3) delivering the summons in the state to the agent; and (4) if service cannot be made under methods one and two, then "affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served." N.Y.C.P.L.R. §§ 308 (1)-(4).

The Court is also permitted to direct manner in an alternative way "if service is impracticable under paragraphs one, two, and four." *Id.* § 308 (5). The inquiry is fact-specific. That is, "[t]he meaning of 'impracticability' depends upon the facts and circumstances of the particular case." *Ortiz v. Cm Prof'l Painting Corp.*, No. 21-CV-0821 (GRB)(JMW), 2022 U.S. Dist. LEXIS 45788, at *5 (E.D.N.Y. Mar. 14, 2022) (*quoting Fortunato v. Chase Bank USA, N.A.*, No. 11 Civ. 6608 (JFK), 2012 U.S. Dist. LEXIS 80594, at *1 (S.D.N.Y. Jun 7, 2012)). "Courts have found the impracticability standard met where, despite a diligent search, a plaintiff has demonstrated that her efforts to obtain information regarding the [defendant's] current residence or place of abode through ordinary means ... had proven ineffectual." *Id.* (internal citations omitted); *Silverman v. Sito Mktg. LLC,* No. 14-CV-3932 (WFK), 2015 U.S. Dist. LEXIS 197433, at *5 (E.D.N.Y. July 21, 2015) ("Courts in this circuit have found service through traditional methods to be impracticable where the plaintiff was unable, despite repeated efforts, to serve the defendant at any addresses identified through thorough public records searches.").

4

"Once a plaintiff has shown impracticability, a court will permit and approve the giving of notice under a substitute system limited by the requirements of the due process clause." *Ortiz,* 2022 U.S. Dist. LEXIS 45788 at *5 (quoting *S.E.C. v. Tome*, 833 F.2d 1086, 1093 (2d Cir. 1987)). The alternative method of service upon the individual due process mandates that service is "reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Silverman,* 2015 U.S. Dist. LEXIS 197433 at *5 (internal citations omitted); *Booker v. KFB & Assocs. Consulting Inc.,* No. 23 Civ. 10921 (AT), 2024 U.S. Dist. LEXIS 44375, at *3 (S.D.N.Y. Mar. 13, 2024) (stating same).

Indeed, courts within this Circuit and in this State have found email under similar circumstances to be a reasonable alternative method of service. *See Safadjou v. Mohammadi,* 964 N.Y.S.2d 801, 804 (App. Div. 4th Dep't 2013) (stating that both federal and state courts allow email service of process when traditional methods are ineffective); *Phillips v. City of New York,* No. 21 Civ. 8149 (ALC) (SLC), 2024 U.S. Dist. LEXIS 35251, at *3 (S.D.N.Y. Feb. 28, 2024) (stating that service via email "comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant" and that "the movant must supply the Court with some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address") (quoting *F.T.C. v. PCCare247 Inc.*, No. 12 Civ. 7189 (PAE), 2013 U.S. Dist. LEXIS 31969, at *4 (S.D.N.Y. Mar. 7, 2013); *Ferrarese v. Shaw,* 164 F. Supp. 3d 361, 367 (E.D.N.Y. 2016) (allowing service via email and Facebook as an alternative service of method even where it was unclear that the account belonged to defendant); *Ortiz,* 2022 U.S. Dist. LEXIS 45788 at *7-8 (citing several cases finding that email was "reasonably calculated" to inform defendant about the pending suit).

Additionally, courts have found delivery of a summons and complaint by certified mail to a defendant's last known address to be a permissible method of alternative service if plaintiff shows that the mail is likely to reach defendant, otherwise courts will permit such service under a multifaceted approach. *See Zavala v. Top Shelf Elec. Corp*., No. 20 Civ. 9437 (PAE) (KNF), 2021 WL 3159849, at * 1, 3 (S.D.N.Y. June 14, 2021) (finding that service by the "combination" of certified mail and email comported with due process, and noting that plaintiff established certified mail would likely reach defendant); *Marvici v. Roche Facilities Maint. LLC*, No. 21 Civ. 4259 (PAE) (JLC), 2021 WL 5323748, at *3-4 (S.D.N.Y. Oct. 6, 2021) (finding that service by certified mail was problematic since plaintiffs knew defendant did not actually live or work at subject address, but permitting such service in addition to service by text message that plaintiff showed would likely reach defendant, because courts in this district approve "multi-prong approaches" to service) (citing *FTC,* 2013 U.S. Dist. LEXIS 31969); *Ferrarese*, 164 F.Supp.3d at 366 (permitting service by certified mail, in addition to serving by email and Facebook post, because petitioner showed that the papers would likely reach the defendant since petitioner previously had success in reaching defendant by mailing papers to last known address); *D.R.I., Inc. v. Dennis*, No. 03 Civ. 10026 (PKL), 2004 WL 1237511 (S.D.N.Y. Jun. 3, 2004) (permitting plaintiff to attempt service by certified mail, return receipt requested to defendant's last known addresses, in addition to service by publication in local newspaper and email).

Here, Plaintiff has demonstrated its diligent efforts to serve Plaintiff at known addresses revealed in public records which have now proven to be futile. "To meet the due process standard of demonstrating that service via email is likely to reach a defendant, a plaintiff must submit something more than a bare assertion or conclusion that the email will likely reach the defendant." *Ortiz*, 2022 U.S. Dist. LEXIS 45788 at *7 (citing *ADI Glob. Distrib. v. Green*, No.

20-CV-3869 (DRH)(JMW), 2021 U.S. Dist. LEXIS 231977, at *4 (E.D.N.Y. Dec. 3, 2021)). Plaintiff has satisfied the due process standard. It has shown that the proposed methods of service—that is, via email and first-class mail to the Property's address—would be "reasonably calculated" to apprise Risk of the action given that Risk "has acknowledged receipt of emails sent to that address" and that Risk has indicated that a neighbor at the Center Moriches address collects his mail and can forward it to him despite the fact that he no longer lives there. (ECF No. 8 at 2.)

The Court also cannot put blinders on to Risk's protracted history of evading service in the related case, *United States v. Holland,* No. 19-cv-2456 (DG) (JMW), (E.D.N.Y. 2019). There, the Court granted Plaintiff's alternative service of a deposition subpoena upon Risk by affixing the subpoena upon the door of his residence and via first-class and certified mail to his residence. (ECF No. 84.) The undersigned's Order fell on deaf ears because Risk failed to comply with that order and subsequent Court orders directing him to appear for the deposition and he was ultimately found in contempt by the Hon. Diane Gujarati. (ECF No. 128.) However, Risk appealed Judge Gujarati's Order. (ECF Nos. 136, 138.) Notably, in the Notice of Appeal filed on February 26, 2024, Risk lists his email address as davidleerisk@gmail.com--the same address that Plaintiff seeks to use here. (*Id.*) This indicates that Defendant Risk's account is still active and there is at least some certainty that Risk currently uses it. *See Silverman v. Sito Mktg. LLC,* No. 14-CV-3932 (WFK), 2015 U.S. Dist. LEXIS 178244, at *7 (E.D.N.Y. Oct. 23, 2015) (granting plaintiff's motion for alternative service in substantial part where individual had a history of evasiveness and there were "multiple attempts of service" at the last known address).

Thus, given Risk's history of evading service and compliance with subpoenas and Court orders as well as Plaintiff's diligent but unsuccessful attempts to serve Risk using other methods,

7

sending the summons and complaint via email and first-class mail would be "reasonably calculated" to apprise Defendant Risk of the instant action. *Cf. Phillips,* 2024 U.S. Dist. LEXIS 35251 at *5-6 (denying alternative service via email where there was no indication that the email addresses belonged to the defendant and thus did not show that the documents were likely to reach him).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to serve Defendant Risk by alternative means (ECF No. 8) is granted. In addition to service of the Summons and Complaint, Plaintiff is directed to serve a copy of this Order upon Risk and file proof of service on ECF on or before June 21, 2024.

Dated: Central Islip, New York
June 13, 2024

**S O   O R D E R E D**:

/s/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

8