UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------- X
UNITED STATES OF AMERICA,

        Plaintiff,                                   **ORDER**

                                                                           24-cv-02496 (DG) (JMW)

        -against-

DAVID RISK *et al.*,

        Defendants.
-----------------------------------------X

**A P P E A R A N C E S:**

    **Bradley Sarnell**
    United States Department of Justice, Tax Division
    PO Box 55
    Washington, DC 20044
    *Attorney for Plaintiff*

    **David Risk**
    47 Old New Road South
    Center Moriches, NY 11934
    *Pro Se Defendant*

**WICKS,** Magistrate Judge:

The United States of America ("Plaintiff") commenced the underlying action pursuant to 26 U.S.C. §§ 7401 and 7403, and N.Y. Debtor and Creditor Law §§ 273, 275, and 276, against various Defendants[1] who have, or may have claimed, an interest in parcels of real property located in Suffolk County of which Plaintiff seeks to set aside as fraudulent conveyances. (*See*

---

[1] The Defendants are comprised of David Risk, individually and in his capacity as Trustee of The David Risk 2023 Revocable Trust, Ron Holland Advertising, Inc., HSBC Bank USA as successor by merger of The Manhattan Savings Bank, Sustainable Neighborhoods LLC, Clerk of the Suffolk County Traffic and Parking Violations Agency New York, Suffolk County Water Authority New York, Suffolk County New York, and Town of Brookhaven (collectively, "Defendants").

1

*generally* ECF No. 1.) Following a prolonged period of inactivity by certain Defendants,[2] the undersigned issued a Report and Recommendation to the Honorable Diane Gujarati that a default judgment be entered against those defaulting parties. (ECF No. 21.) Judge Gujarati adopted this recommendation in its entirety. (Electronic Order dated January 27, 2025.) Subsequently, the Clerk of Court entered judgment against the Defendants on February 24, 2025:

> The Motion for Default Judgment brought pursuant to Federal Rule of Civil Procedure 55(b) by Plaintiff United States of America is granted; that the June 7, 2007 and September 3, 2014 conveyances are found to be fraudulent under New York Debtor and Creditor Law §§ 273, 275, and 276; that such conveyances are set aside and avoided to the extent necessary to satisfy J. Ronald Hollands outstanding tax liabilities; that Plaintiff is permitted to enforce the tax liens against the Property by selling it free and clear of rights and title and interests of all parties and apply the proceeds of such sale to Holland tax liabilities; that [Defendants] have no right, title, claim, lien, or interest in the Property or the proceeds of the sale of the Property; and it is further hereby
>
> ORDERED, ADJUDGED and DECREED that if the Property is sold in a judicial sale, including by a Receiver[3] under 26 U.S.C. § 7403(d), the sale proceeds shall be distributed as follows: First, to pay the costs of the sale, including the commission of any Receiver appointed by the Court pursuant to 26 U.S.C. § 7403(d); second, to the Town and to Suffolk County to satisfy any real property taxes and/or special assessments due with regard to the Property that are entitled to priority over the federal tax liens pursuant to 26 U.S.C. § 6323(b)(6); third, to the United States, in an amount sufficient to satisfy J. Ronald Hollands federal income tax liabilities for tax years 1983 and 1984 which have a balance, with interest as of July 17, 2024, of 2,802,889.85, statutory additions continue to accrue on and after July 17, 2024; fourth, to Suffolk County Traffic and Parking Violations Agency in an amount sufficient to satisfy the judgment against David Risk; and fifth, the remainder, if any, to the beneficiaries of any will for J. Ronald Holland or, if he died intestate, to his heirs pursuant to New York law.

(ECF No. 28.)

---

[2] The parties found to be in default were David Risk, individually and in his capacity as Trustee of The David Risk 2023 Revocable Trust, Ron Holland Advertising, Inc., HSBC Bank USA as successor by merger of The Manhattan Savings Bank, Sustainable Neighborhoods LLC, and Suffolk County Water Authority, New York (collectively, "Defaulting Defendants").

[3] Plaintiff's Motion for Receiver has since been filed. (ECF No. 30.)

The parties are now before the Court on Defendant David Risk's ("Risk") request for an Order to Show Cause filed on February 28, 2025 that was posted on the docket on March 5, 2025. (ECF No. 29.) Risk posits that his health over the past several months forced him to live with family members outside of New York. (*Id.* at p. 2.) During this time, allegedly, "none of [his] regular mail was being forwarded out of state," and thus, as he argues, "[n]o attempt was made to achieve what constitutes proper service". (*Id.*) Risk maintains that upon his return to New York, he was presented with "a high stack" of notices pertaining to this action. (*Id.*) Accordingly, Risk requests the Court: (i) issue an Order to Show Cause why a stay should not be granted; (ii) grant a 90-day stay of the foreclosure proceedings to prevent irreparable harm, namely the sale of his home as mandated in the entered judgment, *see supra*, and to allow Risk time to secure legal counsel and prepare a defense; and (iii) schedule a hearing on this matter. (*Id.* at p. 3.) Plaintiff opposed Risk's application on March 12, 2025. (ECF No. 31.) For the following reasons, Risk's requested relief is **DENIED** and the undersigned **DECLINES** to sign and issue the Order to Show Cause.

*First*, where, like here, a default judgment has been entered against a party pursuant to Rule 55, the default must be set aside pursuant to Fed. R. Civ. P. 60(b) before a party takes further action in a case. (*See* ECF No. 28); *see also United States v. Alongi*, 346 F. Supp. 2d 394, 395 (E.D.N.Y. 2004). Here, because Risk has not moved to set aside the default judgment, he is precluded from seeking redress from the Court until the judgment is vacated. *See Sardarian v. FEMA*, No. 19-cv-00910 (CSH), 2020 WL 1542374, at *2 (D. Conn. Jan. 9, 2020) (noting the filings made by the defaulting party "failed to nullify" their default considering "they would remain in default unless and until they moved to open the default and the Court granted that motion").

*Second*, even if this Court were to construe Risk's application as a motion to vacate the default under Rule 60, Risk would not be entitled to such relief. "Rule 60(b) provides that a final judgment, including a default judgment, may be set aside on the grounds that the judgment occurred as a result of mistake, inadvertence, surprise, or excusable neglect, Fed. R. Civ. P. 60(b)(1), or due to fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party, Fed. R. Civ. P. 60(b)(3)." *Doe v. Baram*, 20-cv-09522 (ER), 2023 WL 4624555, at *3 (S.D.N.Y. July 19, 2023). "In deciding a motion to vacate a default judgment [under Rule 60(b)], the district court is to be guided principally by three factors: (1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the non-defaulting party prejudice." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998).

Here, the undersigned previously determined that Risk's default was willful (*see* ECF No. 21 at p. 11.) This finding was adopted by Judge Gujarati on January 27, 2025, and Risk neglects to address the willfulness of his default in his current application. Additionally, he provides no meritorious defense for his default. To demonstrate the existence of a meritorious defense, a defendant must present facts that would constitute a complete defense at trial to the claims asserted against him. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993); *McNulty*, 137 F.3d at 740–41 (holding that the moving party must set forth a meritorious defense as to each cause of action in the complaint). As such, a defendant must "articulate a defense with a degree of specificity which directly relates that defense to the allegations set forth in the plaintiff's pleadings and raises a 'serious question' as to the validity of those allegations." *FedEx Techconnect, Inc. v. OTI, Inc.*, No. 12-cv-01674 (RJS), 2013 WL 5405699, at *8 (S.D.N.Y. Sept. 23, 2013) (citation omitted). Risk does not state, let alone articulate, any defense to Plaintiff's

4

fraudulent transfer claims. His only justification for his non-compliance in this case, the alleged insufficient service of papers, is meritless as detailed *supra*.

Furthermore, Plaintiff stands to suffer prejudice if the default is vacated. Risk contends that "granting th[e] stay will not unduly prejudice the Plaintiff, as the property remains secured by the mortgage, and Plaintiff's interests will be protected". (ECF No. 29 at p. 3.) This conclusory arguments fails to consider that the value of the Property is significantly less than the United States' liens, which are over $2 million. (*See* ECF No. 21 at p. 27.) Staying the proceedings would, therefore, undoubtedly cause financial prejudice to Plaintiff if forced to wait for additional interest on the liabilities to accrue daily. Accordingly, even if Risk were to move to set aside the default entered against him pursuant to Rule 60, such request would be denied.

*Third*, Risk was properly served, thereby negating his claimed reasons for why he has not complied with the demands in this case. The undersigned previously concluded that the means of service in this case were proper, namely that alternative service through emailing documents and mailing the same to the Property's address was sufficient in light of the impracticability of attempting to serve Risk pursuant the prescribed methods under New York law. (*See* ECF No. 8; ECF No. 21 at p. 12.) This conclusion was adopted by Judge Gujarati on January 27, 2025. Moreover, in *United States of America v. Holland*, 19-cv-02456-DG-JMW (E.D.N.Y. 2019) (hereinafter "*Holland*"), Risk stated in a letter on December 26, 2023, that he is "fortunate enough to have a willing neighbor who painstakingly collects my mail, and after a sizable accumulation, sends it to me through the U.S. Postal system." (*Holland*, ECF No. 122.) Whether through mail being delivered by his neighbor, or filings being emailed to him, Risk's supposed failure to receive documents appears to be nothing more than a ploy submitted to misguide the Court into believing Risk never received the filings on this case.

*Lastly*, Risk does not invoke any authority to support why this Court should impose a 90-day stay of the foreclosure proceedings. As the party seeking a stay of the proceedings, Risk bears the burden of establishing its need. *Clinton v. Jones*, 520 U.S. 681, 708 (1997). Courts in this Circuit generally consider the following factors in determining whether a stay is appropriate: (1) the private interests of the plaintiffs in proceeding expeditiously with the case as balances against the prejudice to the plaintiff if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the litigation; and (5) public interest. *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996).

Here, even entertaining this application despite Risk's failure to identify the grounds for such extreme relief, Risk fails to satisfy his burden. Plaintiff's interest in this case is extremely high considering a judgment has been entered, a motion to appoint a receiver is pending, and the collection procedure is soon to be commenced. (*See* ECF Nos. 28, 30.) Moreover, the prejudice to Plaintiff would be significant if now forced to wait an additional 90 days to collect despite following all procedures and formalities to date. Though the foreclosure proceedings would result in the loss of one's home, Risk has been adjudicated to have "no right, title, claim, lien, or interest in the Property" considering the fraudulent transfers he was a part of that took place with the Property. (*See* ECF No. 21 at p 37.) Indeed, the remaining factors counsel in favor of denying a stay of proceedings considering the United States and the public's interest in prompt tax collection of delinquent tax liabilities outweighs any interest in the property that was subject to numerous fraudulent conveyances. *See United States v. Martynuk*, No. 13 Civ. 4110 (KPF), 2015 WL 328100, at *8 (S.D.N.Y. Jan. 26, 2015) (demonstrating that where the government's interest in collecting delinquent taxes promptly outweighs any interest in retaining the property, a sale should be authorized).

## **CONCLUSION**

For the foregoing reasons, Risk's requested relief is **DENIED** and the undersigned **DECLINES** to sign and issue the Order to Show Cause.

Dated:   Central Islip, New York
         March 27, 2025

**SO ORDERED:**

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge